## GARNER *v.* CLARK BROTHERS.

When, in resistance to the levy upon personalty of an execution issued upon the foreclosure of a statutory lien, the defendant files a counter-affidavit and replevies the property actually seized by the officer, by giving a bond for its forthcoming, the former is estopped from thereafter setting up that the entry of the levy did not sufficiently describe such property.

Submitted May 1, — Decided June 7, 1902.

Foreclosure of lien. Before Judge Janes. Haralson superior court. January 24, 1902.

*Edwards & Ault,* for plaintiff.
*E. S. & G. D. Griffith,* for defendants.

LUMPKIN, P. J. An affidavit was made by Garner for the purpose of foreclosing a laborer's lien upon the property of Clark

Brothers. They filed a counter-affidavit. When the issue thus made came on for trial, the defendants "moved to dismiss the said case, on the ground that the levy of the lien by the constable did not sufficiently describe the property levied on." To meet this motion, the plaintiff "offered in evidence a forthcoming bond given by the defendants to the constable who made the levy, and given by virtue of said levy for the forthcoming of the said property levied upon, and by which they, the said defendants, took possession of the said property levied upon, and by which they still retain the same." The court refused to admit the bond in evidence, and passed an order dismissing the plaintiff's action. To this he excepted, and the case is here for review.

In our opinion, the court erred in refusing to admit the bond in evidence. Had it been introduced and the plaintiff had shown the facts he proposed to establish in connection therewith, it would have appeared that the defendants, without making any point as to the sufficiency of the levy in the matter of description, in effect conceded that their property had been duly seized, and, by giving a forthcoming bond, obtained and retained possession of the same. After doing this, they were estopped from setting up that the entry of levy made by the constable did not sufficiently describe the property in question. The point thus presented is in principle controlled by the decision of this court in *Hilton* v. *Clements*, 108 *Ga.* 791, wherein it was held that: "On the trial of a claim case involving title to personal property levied on under a fi. fa., when the claimant has given a forthcoming bond for the property actually seized by the officer executing the fi. fa., it is not error for the judge to refuse to dismiss the levy on the ground that the entry thereof on the fi. fa. does not sufficiently describe the property."

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*